# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. SIMS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 11-CV-310-TCK-TLW ) |
| ROGERS COUNTY DISTRICT ATTORNEY, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On May 19, 2011, the Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner is a pretrial detainee and appears *pro se*. By Order filed May 25, 2011 (Dkt. # 2), the Court directed Petitioner to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. He was also ordered to file a response demonstrating why this 28 U.S.C. § 2241 petition should not be dismissed. See Dkt. # 2. On June 10, 2011, Petitioner filed a motion to proceed *in forma pauperis* (Dkt. # 3) and a response (Dkt. # 4) to the Court's Order to show cause. By Order filed June 13, 2011 (Dkt. # 5), the Court denied Petitioner's motion to proceed *in forma pauperis* and directed Petitioner to pay the $5.00 filing fee on or before July 14, 2011. Petitioner was specifically advised that "[f]ailure to comply with this Order may result in dismissal of this action without prejudice and without further notice." Id.

To date, Petitioner has failed to pay the filing fee as directed by the Court. No correspondence addressed to Petitioner has been returned. The deadline for compliance has passed. Because Petitioner has failed to pay the $5.00 filing fee in compliance with the Court's Order dated June 13, 2011, the Court finds that this action should be dismissed.

In addition, the Court finds that even if Petitioner had paid the $5.00 filing fee, this action would be dismissed. In his show cause response (Dkt. # 4), Petitioner chronicles the history of his criminal proceeding in Rogers County District Court. After reviewing the petition and the show cause response filed by Petitioner, the Court finds that Petitioner impermissibly seeks intervention by this Court in resolving the criminal charges or in otherwise preventing the State of Oklahoma from prosecuting the charges. Furthermore, Petitioner has failed to demonstrate that intervention by the Court at this stage in the prosecution of Petitioner by the State of Oklahoma does not violate the doctrine of exhaustion.[1] Petitioner has failed to provide evidence that any claim, including any claim alleging violation of his right to a speedy trial, has been raised on appeal through the state courts.[2] As previously advised, Petitioner must afford the courts of the State of Oklahoma the opportunity to consider and correct any violations of the Constitution by raising his challenges either pretrial or at trial and, if convicted, on direct appeal.

The Court concludes that this action shall be dismissed without prejudice. Petitioner is again advised that pretrial habeas corpus relief is not available to prevent a prosecution in state court. See

---

[1] In contrast to 28 U.S.C. §2254, no statutory exhaustion requirement applies to § 2241, but case law holds "that although section 2241 establishes jurisdiction in the federal court to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F. 3d 350, 354 (10th Cir. 1993) (citing Dickerson v. Louisiana, 816 F. 2d 220, 225 (5th Cir. 1987)).

[2] Petitioner has attached to his show cause response (Dkt. # 4) a copy of a Rogers County Jail Inmate Request. As his request, Petitioner wrote "I would like a speedy trial clam [sic] please." Id. In response, the detention officer wrote "[y]our [sic] are or are not going thru the process of fire [sic] and hiring a new lawyer?" Id. However, Petitioner provides nothing suggesting he has presented any constitutional claim to the state courts. The Court also notes that the state appellate courts have no record of any appellate action filed by Petitioner. See dockets for appellate courts viewed at www.oscn.net.

2

Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (citing Ex parte Royall, 117 U.S. 241, 253 (1886)).

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) is **dismissed without prejudice**.

DATED THIS 5th day of August, 2011.

TERENCE KERN
UNITED STATES DISTRICT JUDGE